# EXHIBIT A

| COMMONWEALTH OF MASSACHUSETTS HAMPSHIRE, SS. | Superior Court Department of the Trial Court of the Commonwealth Civil Action |
|---|---|
| | No. HSCV2011-00059-A |

MOSS NUTRITION PRODUCTS, INC.
, Plaintiff (s)

v.

EVEREST SOFTWARE, INC.
, Defendant (s)

SUMMONS

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant :

You are hereby summoned and required to serve upon Thomas P. Vincent, plaintiff's attorney, whose address is 17 New South Street, Suite 201, Northampton, MA 01060 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire at Northampton, the 31st day of March, 2011. ~~in the year of our Lord two thousand~~

*[signature]*
CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort — Motor Vehicle Tort — Contract — Equitable relief.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on                                                        , 20      .
I served a copy of the within summons, together with a copy of the complaint in this action upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

Dated:                              , 20       .   _____
N.B.  TO PROCESS SERVER:-

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| , 20      . |

**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767
Phone: (800)345-4647  Fax: (800) 472-0533
rassop@capitolservices.com

## Service Of Process Transmittal Notice

| | | |
|---|---|---|
| BRANDI LENZO<br>TRILOGY / VERSATA / ARTEMIS LEGAL DEPT<br>6011 W COURTYARD DR STE 300<br>AUSTIN TEXAS 78730 | Date Processed: | 04/22/2011 |
| | Completed By: | JANE BAUGH |
| | Delivery Method to Client: | FEDEX STANDARD OVERNIGHT LETTER |
| | Tracking Number: | 911725164844 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| Date / Time Received | Transmittal # | Delivered to Agent by |
|---|---|---|
| 04/22/2011 10:30 AM in VIRGINIA | VA-55404 | PROCESS SERVER |

| With Regard to Client |
|---|
| EVEREST SOFTWARE, INC. |

| Title of Case or Action |
|---|
| MOSS NUTRITION PRODUCTS, INC. V. EVEREST SOFTWARE, INC. |

| Case Number | Type of Document Served |
|---|---|
| HSCV2011-00059-A | CITATION/SUMMONS |

| Court Name |
|---|
| HAMPSHIRE COUNTY SUPERIOR COURT - MASSACHUSETTS |

1-55404C

PLEASE FOLD THIS SHIPPING DOCUMENT IN HALF AND PLACE IT IN A WAYBILL POUCH AFFIXED TO YOUR SHIPMENT SO THAT THE BAR-CODE PORTION OF THE LABEL CAN BE READ AND SCANNED. ***WARNING: USE ONLY THE PRINTED ORIGINAL LABEL FOR SHIPPING. USING A PHOTOCOPY OF THIS LABEL FOR SHIPPING PURPOSES IS FRAUDULENT AND COULD RESULT IN ADDITIONAL BILLING CHARGES, ALONG WITH THE CANCELLATION OF YOUR FEDEX ACCOUNT NUMBER.

From: Origin ID: ROAA (512) 474 8377
RAS Local Agent
Capitol Services, Inc.
800 Brazos Street
Suite 400
Austin, TX 78701



Ship Date: 22APR11
Actual Wgt: 1 LB
System#: 204696/
Account#: S 254012785

REF: VA-55404


Delivery Address Bar Code

SHIP TO:            BILL THIRD PARTY
TRILOGY / VERSATA / ARTEMIS LEGAL D
BRANDI LENZO
6011 W COURTYARD DR STE 300

AUSTIN, TX 78730



STANDARD OVERNIGHT                    MON
                                      Deliver By:
TRK#  9117 2516 4844   FORM            25APR11
                       0201      AUS   A1

78730    -TX-US
                                 XH MMRA



COMMONWEALTH OF MASSACHUSETTS
Hampshire, ss.                          Superior Court Department
                                        Civil Action No.: HSCV2011-00059-A

|  |  |  |
|---|---|---|
| MOSS NUTRITION PRODUCTS, INC., | ] | |
| Plaintiff | ] | |
|  | ] | COMPLAINT |
| v. | ] | |
|  | ] | |
| EVEREST SOFTWARE, INC., | ] | |
| Defendant | ] | |
|  | ] | |

1.    The Plaintiff (hereinafter referred to as "Moss") is a corporation organized under the laws of the Commonwealth of Massachusetts with a place of business located at 2 Bay Road in Hadley, Hampshire County, Massachusetts.

2.    The Defendant (hereinafter referred to as "Everest") is a corporation organized under the laws of the Commonwealth of Virginia with a place of business located at 21631 Ridgetop Circle, Dulles, Virginia.

3.    On or about December 23, 2008 Moss entered into a written agreement with Everest for the sale and purchase of software and payment for services.

4.    In accordance with the terms of the agreement, Moss paid to the Defendant the sum of Eighty-Six Thousand Six Hundred and Sixty-Two ($86,662.00) Dollars.

5.    Everest, as consideration for the sum paid in full by Moss as alleged in Paragraph 4 of this Complaint, agreed to sell and deliver to Moss a software package including licenses and assorted enhancements.

6.    As additional consideration, and included with the delivery of the software, the agreement provided for services from Everest to Moss described as standard maintenance, enhanced maintenance, on-site implementation, programming and customization for the business needs of Moss, programming maintenance for two years from the date of the invoice, and managed upgrades.

7.    Services under the agreement included a "Go Live" date upon which, after delivery and installation of the software with programming and customization, utilization of the software for Moss begins.

Page 2 – Complaint

---

8.  An on-site meeting occurred on June 25, 2009 between Moss and Everest in Hadley, Hampshire County, Massachusetts, for the purpose of programming and customization to get ready for a Go Live date.

9.  A Go Live date was not set at the meeting.

10.  At some time in 2009 Everest was purchased by another entity or merged with another entity.

11.  On or about August 21, 2009, Moss received written communication from Everest that states, "Everest Software, Inc. will honor its contractual arrangements currently in place with Moss Nutrition post acquisition by ESW Capital, LLC."

12.  At some time before June 7, 2010, Everest stopped its Professional Services group that was used by Everest to provide services to Moss.

13.  On or about June 9, 2010, Everest gave notice to Moss that it would no longer provide on-site services.

14.  On or about September 2, 2010, Everest communicated to Moss that "we will immediately stop all work on the extended solution" with Moss.

15.  After the on-site meeting on June 25, 2009, Everest failed, neglected, and refused to provide any on-site services and to provide implementation of the software program purchased by Moss.

16.  As a result of the failure, neglect, and refusal of Everest as alleged in Paragraph 16, a Go Live date was never established and Moss has never been able to utilize the software program it purchased from Everest.

17.  Moss acted reasonably at all relevant times to cooperate and assist Everest and fully performed its obligations under its agreement with Everest.

18.  The failure, neglect, and refusal of Everest to perform its obligations under its agreement with Moss constitute a substantial breach of its contract obligations with Moss.

Page 3 – Complaint

---

19. In addition, in reasonable anticipation of the fulfillment by Everest of its obligations under the agreement, Moss purchased a computer to use as a server when running the software program of Everest at a price of $8,040.88 and paid $1,192.50 for services of a software engineer to set it up.

WHEREFORE, Moss demands that this Court enter judgment against Everest for breach of contract and award Moss contractual damages in the amount of $86,662.00 with consequential damages of a) the difference in fair market value of the computer as a server and as a computer for general use and b) the $1,192.50 paid for services of an engineer, plus interest and costs of action.

Date: March 30, 2011

Respectfully submitted,
Moss Nutrition Products, Inc.
by its Attorney

*Thomas P. Vincent*
Thomas P. Vincent
17 New South Street, Suite 201
Northampton, MA 01060
413-586-7277
Fax: 413-586-6229
BBO#: 509880
tvincent@commonlaw.com

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Hampshire | Docket Number: HSCV2011-00059-A |
|---|---|---|
| PLAINTIFF(S) Moss Nutrition Products, Inc. | DEFENDANT(S) Everest Software, Inc. | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Thomas P. Vincent - 17 New South Street, Suite 201, Northampton, MA 01060 – 413-586-7277 Board of Bar Overseers Number   509880 | ATTORNEY (if known) | |

### Origin code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (X)
- ☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass. R. Civ. P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Breach of Contract | ( x ) | ( ) Yes   ( x ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses........................................................................... $ 0.00
2. Total Doctor expenses............................................................................. $ 0.00
3. Total chiropractic expenses..................................................................... $ 0.00
4. Total physical therapy expenses.............................................................. $ 0.00
5. Total other expenses............................................................................... $ 0.00
   Subtotal $ 0.00
B. Documented lost wages and compensation to date............................................... $ 0.00
C. Documented property damages to date................................................................ $ 0.00
D. Reasonable anticipated future medical and hospital expenses............................... $ 0.00
E. Reasonable anticipaged lost wages....................................................................... $ 0.00
F. Other documented items of damages (describe): $ 0.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe):

$ 0.00
TOTAL $ 0.00

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):   Defendant failed to perform its contractual obligation to program and customize its software to meet the business needs of the Plaintiff with on-site implementation. Plaintiff pre-paid on the contract the entire contract price of $86,662.00. Consequential damages include computer purchase and engineer services at $5,000.00.

TOTAL   $   91,662.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."

Signature of Attorney of Record  *[signature] Thomas P. Vincent*   DATE:   March 30, 2011

A.O.S.C. 2003                                                                                   TurboLaw (800) 518-8726 – c.g.f.